UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) | |
| | ) | Civil Action No. 3: 10-59-DCR |
| Plaintiff, | ) ) | |
| V. | ) ) | |
| | ) | **MEMORANDUM OPINION** |
| BERNARD K. KING, et al., | ) ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendant Jennifer Stewart's Motion to Dismiss. [Record No. 15] Stewart's motion was joined by Defendant Margaret Briley. [Record No. 18] After reviewing the parties' submissions, the Court agrees that dismissal of the claims without prejudice is appropriate.

**I.  Background**

In July of 2007, Bernard King obtained a motorcycle from a Yamaha dealership in Carrollton, Kentucky. Less than a week later, Mr. King was operating that motorcycle with Brandie Chadwell on-board. The couple was involved in a collision, resulting in Chadwell's death.

On August 23, 2007, Margaret Briley, as Administratrix of the Estate of Brandie Chadwell, filed a lawsuit in Carroll Circuit Court against King. The suit alleged that King's negligence and carelessness in operating the motorcycle caused Chadwell's death. Briley

-1-

amended her complaint on March 25, 2008, and asserted additional claims against Yamaha. Briley alleges that Yamaha was actually the owner of the vehicle at the time of the collision and, therefore, is liable for damages caused by its operator. She further claims that Yamaha negligently entrusted the motorcycle to King without first obtaining proof of insurance, and that doing so violated Kentucky Revised Statutes ("KRS") § 186A.220. On July 1, 2008, Jennifer Stewart, as Guardian and Next Friend of Sebastian Kalep King — the son of Brandie Chadwell — also filed suit against Yamaha in Carroll Circuit Court. Thereafter, the state court consolidated the two actions.

Auto-Owners Insurance, the plaintiff in this action, insures Yamaha and has provided for its defense in the underlying state-court action. According to Stewart and Briley, Auto-Owners has also, to date, provided a defense for King in the underlying action. Auto-Owners brought this suit to obtain a declaratory judgment that it owed no duty to provide insurance coverage or a defense to King. Additionally, Auto-Owners requests a judgment declaring that any liability it may owe to King would be limited by the provisions of KRS § 190.033.

## II. Analysis

Briley and Stewart moved this Court to dismiss the action for lack of subject matter jurisdiction. There is no question that this case meets the basic standard for diversity jurisdiction under 28 U.S.C. § 1332. However, it is also well-settled that district courts have discretion "in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see Aetna Cas. & Sur. Co. v. Sunshine Corp.*, 74 F.3d 685,

687 (6th Cir. 1996). The Supreme Court has explained that the Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286. In other words, the Declaratory Judgment Act "confers discretion on courts, not rights on litigants." *Am. Home Assurance Co. v. Evans*, 791 F.2d 61, 64 (6th Cir. 1986) (citing *Green v. Mansour*, 474 U.S. 64 (1985)) (noting that "the propriety of issuing a declaratory judgment may depend on equitable considerations"). "[W]here complex factual issues are present and the action parallels a state court action arising from the same facts and where alternative remedies are available, declaratory judgment is inappropriate." *Id.* Therefore, even when the Court may otherwise exercise jurisdiction, it is "under no compulsion" to do so. *Wilton*, 515 U.S. at 278.

The Sixth Circuit has identified five factors, first articulated in *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984), which guide a district court in determining whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act. Those factors are:

>   (1)     whether the declaratory action would settle the controversy;
>
>   (2)     whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
>   (3)     whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or to "provide an arena for a race for res judicata;"
>
>   (4)     whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
>   (5)     whether there is an alternative remedy which is better or more effective.

*Id.* at 346 (formatting altered). However, this list is not exhaustive. "[T]he Court must make a full inquiry into all relevant considerations." *Brotherhood Mut. Ins. Co. v. United Apostolic Lighthouse, Inc.*, 200 F. Supp. 2d 689, 692 (E.D. Ky. 2002).

  **A.**  **Settlement of the Controversy/Clarification of Legal Relations at Issue**

The first two factors are closely related and, as such, are often considered together. *See Scottsdale Ins. Co.*, v. *Flowers*, 513 F.3d 546, 557 (6th Cir. 2008). The first factor examines whether the requested judgment would settle the controversy. Auto-Owners asserts that because this suit *only* relates to King's insurance coverage, it does not affect or concern the tort liability of people injured in the accident. Thus, Auto-Owners argues, this suit will solve the only question it raises: whether it owes a duty to defend King. However, the defendants go to great lengths to show how this suit will not ultimately settle the issues between the parties and, in fact, they argue, will cause greater confusion and may subject to the parties to potentially conflicting rulings.

When examining the question of whether a federal claim to limit insurance coverage will settle the controversy between two parties, "two lines of precedent seem to have developed." *Flowers*, 513 F.3d at 555. One set of cases generally holds that while declaratory relief might clarify the legal relationship between the insurer and insured, it does not ultimately settle the controversy between the parties that is ongoing in state court. *See Travelers Indem. Co. v. Bowling Green Prof'l Assoc., PLC,* 495 F.3d 266, 272 (6th Cir. 2007) ("Granting the declaratory relief sought by Evanston and Travelers settles the scope of the insurance coverage under the respective policies and clarifies their obligation to defend Bowling Green in the state court

action, but it does nothing to 'clarify the legal relationship' between the other parties."); *U.S. Fire Ins. Co. v. Abex Aluminum, Inc.*, 161 F. App'x 562, 565 (6th Cir. 2006); *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 814 (6th Cir. 2004); *Omaha Prop. & Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 448 (6th Cir. 1991); *Grand Trunk*, 746 F.2d at 326 ("The instant action does not involve an independent dispute because it arises from and affects a pending Illinois lawsuit. It would not clear up the legal issues in that case.").

A different set of cases, however, concludes that while declaratory relief will not help resolve the underlying state court action, this factor can still weigh in favor of accepting jurisdiction because the requested relief can settle the limited controversy between insurer and insured. *See West Am. Ins. Co. v. Prewitt*, 208 F. App'x 393, 396 (6th Cir. 2006); *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003) ("[W]hile the declaratory judgment would not end the dispute between Cailu and Stewart, it would settle the controversy regarding the scope of insurance coverage issued by Northland to Cailu, and whether Northland has a duty to defend the insureds."); *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987) ("The grant of declaratory relief in insurance coverage cases undoubtedly settles the controversy over the insurer's liability to provide a defense for and/or indemnify its insured, thus clarifying the legal relations in issue.").

The same split has developed concerning what is required to satisfy the second factor — whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue. *Compare Flowers*, 513 F.3d at 557 (merely clarifying the legal relations at issue in the federal case is sufficient to satisfy the factor) *with Travelers Indem.*, 495 F.3d at 272

(satisfying factor requires the decision to clarify legal relations in both federal and state action) *and Bituminous Ca. Corp.*, 373 F.3d at 814 (same).

This case falls in the middle of this bifurcation in precedent. It unquestionably arises out of an ongoing state-court dispute. That action has been ongoing for almost four years. [*See* Record No. 1-9 (complaint filed August 23, 2007)] Although the insurance company is not a party to that action, Briley and Stewart contend that Auto-Owners has been providing a defense for King and Yamaha. The parties have engaged in extensive discovery in state court. Here, however, they have agreed to submit cross-motions for summary judgment without discovery. A resolution of this case would settle the limited coverage controversy between the insured and the insurer. It would, however, do little to clarify or bring resolution to the state court claims. In fact, Stewart and Briley argue that judgment by the Court could subject them to conflicting rulings on questions of fact that are important in each case, such as whether the motorcycle was owned by King or Yamaha at the time of the crash. Ultimately, out of policy considerations for encouraging consolidated litigation in one court over piecemeal litigation of separate claims in separate courts, the Court adopts the reasoning that, in order to serve a useful purpose, litigation must settle the broader controversy between parties. In view of the Sixth Circuit's holdings in *Travelers*, *Bituminous*, and *Grand Trunk*, the Court believes the first two factors weigh against accepting jurisdiction because the Court could, at best, settle a very limited issue within a much broader, ongoing dispute.

B.   **Race for *Res Judicata***

The third factor is intended to prevent parties from forum-shopping and filing actions in federal court with the sole purpose of gaining a favorable forum. *See Grand Trunk*, 746 F.2d at 326. Stewart and Briley have not produced any evidence which would indicate that Auto-Owners has filed the instant action to obtain a favorable forum or engage in a "race for *res judicata*." *Travelers*, 495 F.3d at 272. An improper motive will not be imputed without evidence of such in the record. *Id.* Because there is no evidence that Auto-Owners is engaged in procedural fencing, this factor weighs in favor of exercising jurisdiction.

C.   **Friction Between Federal and State Courts**

The fourth factor requires the Court to consider whether exercising jurisdiction would increase the friction between state and federal courts or improperly encroach upon the state courts' jurisdiction. When a court considers whether to accept jurisdiction over a case like this, "competing state and federal interests weigh in the balance." *Adrian Energy Associates v. Mich. Public Service Comm.*, 481 F.3d 414, 421 (6th Cir. 2007). Courts should be "particularly reluctant to entertain federal declaratory judgment actions premised on diversity jurisdiction in the face of a previously-filed state-court action." *Id.* The Supreme Court has cautioned that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference' if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)).

However, as Auto-Owners points out, "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." [Record No. 21, p. 11 (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir. 1987)] The Sixth Circuit has developed the following three sub-factors to aid the district court in analyzing this issue:

> (1)    whether the underlying factual issues are important to an informed resolution of the case;
>
> (2)    whether the state trial court is in a better position to evaluate those factual issue than is the federal court; and
>
> (3)    whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous*, 373 F.3d at 814–15 (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)).

The first of these sub-factors focuses on whether the factual issues informing the declaratory judgment action are the same as those in the underlying state-court action. *Flowers*, 513 F.3d at 560. When resolution of the declaratory judgment action will require making factual findings that may conflict with a state court's findings on the same issue, "the exercise of jurisdiction would be inappropriate." *Id.* In order to avoid this rule, Auto-Owners argues that resolution of this claim does not hinge on any disputed factual issues; it argues that the case can be resolved as a matter of law. However, legal ownership of the motorcycle appears to be a central issue in the case and important to a determination of coverage. The ownership of the motorcycle, according to Stewart and Briley, is also an important factual issue in the state-court dispute. Because resolution of the declaratory judgment action hinges on resolution of facts at

issue in the underlying case, the Court believes it is important to avoid subjecting the parties to competing rulings on those issues. *See Travelers*, 495 F.3d at 272; *see also Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 278 (6th Cir. 1990) (noting that "[w]ithout any factual record, there is a real possibility that the district court's declaration of no coverage would conflict with a state court's determination of the coverage question after being informed of the facts"). Because this action would center on many of the same factual questions at issue in the state-court proceeding, the first sub-factor weighs against exercising jurisdiction.

The second sub-factor directs the Court to consider which court – federal or state – is in a better position to evaluate the claims. In *Travelers*, the Sixth Circuit explained that when "Kentucky law is controlling, . . . Kentucky courts are in the better position to apply and interpret its law on these issues." 495 F.3d at 272. Auto-Owners' Complaint focuses on two issues: (1) whether it owes a duty of coverage to King; and (2) whether any liability coverage owed to Kind is limited by KRS § 190.033. [Record No. 1] Both hinge on interpretations of state law. The Kentucky court, in which discovery has been conducted and which is equally, if not more, capable of resolving questions of Kentucky law, is in a better position to evaluate Auto-Owners' claims. The second sub-factor also weighs against the exercise of jurisdiction.

The third sub-factor focuses on the nexus between the underlying factual and legal issues and any state law or public policy concerns. The Sixth Circuit has stated that "issues of 'insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore better able to resolve." *Flowers*, 513 F.3d at 561 (quoting *Travelers*, 495 F.3d at 273); *see also Mercier*, 913, F.2d at 279 (noting that "[t]he states regulate

insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation"). There is, without question, a close nexus between the issues in this case — insurance coverage and application of KRS § 190.033 — and questions of state public policy. Again, a state court is in the better position to identify and apply those policy interests and this sub-factor weighs against exercising jurisdiction over Auto-Owners' claims.

Comity is a disappearing value in federal courts today. But, it seems clear to this Court that when an action involves questions of state law, facts at issue in a long-standing state-court action, and a close nexus between the facts and laws at issue and state public policy, that action is better left to the state courts. While a federal court *could* hear the case, it does not necessarily follow that it *should*. In considering the three sub-factors outlined above, exercising jurisdiction would cause unnecessary tension between the state and federal courts and the fourth factor in the Court's analysis weighs strongly against such exercise.

### D.    Availability of Alternative Remedy

Finally, a district court should "deny declaratory relief if an alternative remedy is better or more effective." *Grand Trunk*, 746 F.2d at 326. In the instant case, Auto-Owners certainly has alternative remedies available. The most obvious is to seek declaratory judgment in state court, a remedy for which Kentucky law provides. *See* KRS § 418.040 ("In any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear than an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential

relief is or could be asked."). Likewise, Auto-Owners could file an indemnity action at the conclusion of the state action. *See Flowers*, 513 F.3d at 562. The question is whether these remedies are "better or more effective." *Grand Trunk*, 746 F.2d at 326.

The Sixth Circuit is divided regarding whether the possibility of seeking declaratory relief or indemnity in state court cuts for or against exercising jurisdiction. *Flowers*, 513 F.3d at 562 (comparing *Northland*, 327 F.3d at 448 ("[I]ntervening in the state court action would not have necessarily provided a better or more effective alternative remedy."), and *Green*, 825 F.2d at 1067 ("[W]e are not convinced that an action for indemnity, instituted only after the insurance company has provided a defense which it may not have been obligated to render, is in every case a 'superior remedy.'"), with *Travelers*, 495 F.3d at 273 (finding that the alternative remedies of a state declaratory judgment or indemnity action "weighed against federal discretionary jurisdiction"), and *Bituminous*, 373 F.3d at 815 (finding that plaintiff "could have presented its case to the same court that will decide the underlying tort action" and that "a superior alternative remedy exists in the form of an indemnity action filed at the conclusion of the underlying state action")). In light of these conflicting decisions, the fifth factor is neutral. Auto-Owners certainly has alternative remedies available, but it would be difficult for this Court to conclude that any one would be better for Auto-Owners than the option Auto-Owners chose for itself. This factor, thus, bears little on the Court's analysis.

### E. Balancing the Factors

After examining the relevant factors outlined by the Sixth Circuit, the Court finds that exercising jurisdiction would be improper in this case. Three of the five factors counsel against

exercising jurisdiction, one counsels in favor, and the fifth is neutral. After making "a full inquiry into all relevant considerations," *Brotherhood*, 200 F. Supp. 2d at 692, the Court is not convinced that accepting jurisdiction over this dispute would serve a useful purpose. The dispute solely raises questions of state law and there has been no indication that the state court is not in a position to define or apply its own law in a fair and impartial manner. *See Evans*, 791 F.2d at 63. Auto-Owners has not made a compelling case for this Court to insert itself into a long-standing state-court dispute and utilize its time and resources resolve a narrow piece of that dispute.

**III. Conclusion**

In light of the "unique and substantial" discretion that the Declaratory Judgment Act confers on district courts, *Wilton*, 515 U.S. at 286, the Court declines to exercise subject-matter jurisdiction over Auto-Owners' complaint. Auto-Owners has failed to show that accepting jurisdiction would serve a useful purpose. Accordingly, it is hereby

**ORDERED** as follows:

1. The Motions to Dismiss by Defendant Jennifer Stewart [Record No. 15] and Defendant Margaret Briley [Record No. 18] are **GRANTED**.

2. The pending Motions for Summary Judgment [Record Nos. 25, 26] and Motion for Joinder [Record No. 28] are **DENIED** as moot.

3. This case is **DISMISSED** and **STRICKEN** from the Court's active docket. The Court notes that dismissal is without prejudice. The parties may raise the issues asserted herein before the appropriate state court.

This 18th day of May, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge